HELEN REYNOLDS, Plaintiff, *v.* VILLAGE OF NYACK, ROCKLAND COUNTY, NEW YORK, Defendant.

County Court, Rockland County, January 8, 1940.

*Benjamin Levison,* for the plaintiff.

*James A. Hughes,* for the defendant.

McKenna, J. It appears from the moving papers that the plaintiff herein filed a claim against the defendant village under date of July 7, 1939; that thereafter and on the 10th day of November, 1939, an action was instituted in the County Court of Rockland county, N. Y., by the plaintiff against the defendant village to recover damages for personal injuries sustained by the plaintiff due to the negligence of the defendant and that a summons and complaint in the above action were served upon William P. Bugbee, village clerk, on the 10th day of November, 1939, and that thereafter an answer was interposed in the form of a general denial and served upon the plaintiff's attorney, Benjamin Levison, of 116 Burd street, village of Nyack, State of New York; that prior to the service of the summons and complaint no effort was made by the mayor or other officials of the village to examine the plaintiff herein pursuant to the provisions of section 341-c of the Village Law. Subsequent to the service of the summons and complaint, and more particularly under date of December 20, 1939, a subpoena was served for the examination of the plaintiff under the provisions of section 341-c of the Village Law of the State of New York.

The question now presented is whether the provisions of section 341-c of the Village Law have any limitations as to the time when such examination or inquiry may be conducted or whether such right continues subsequent to the institution of an action against the village.

Section 341 of the Village Law provides, among other things, that " No action shall be maintained against the village for damages for a personal injury or an injury to property alleged to have been sustained by reason of the negligence of the village or of any officer, agent or employee thereof, unless the same shall be commenced within one year after the cause of action therefor shall have accrued nor unless a written verified statement of the nature of the claim and of the time and place at which such injury is alleged to have been received shall have been filed with the village clerk within thirty days after the cause of action shall have accrued. An action on such a claim shall not be commenced until the expiration of thirty days after it is presented." It follows that a service of the statement of the claim must precede the institution of the action. The purpose of the requirement as to statutory notice is not only to enable the village to prepare its defense and to ascertain the facts but also to adjust and settle the claim before suit and thus save the expense of litigation.

The purpose as stated is indicative of the legislative intent in enacting section 341 of the Village Law and the various municipalities throughout the State and their citizens should receive,

especially in these times, the benefit of any saving that the legislative intent and the passage of this section should provide towards the ultimate relief of the burdens now pressing upon the taxpayers of our various villages throughout the State.

Section 341 concerns claims against the village and as such provides under section 341-c as to the method of examination, whereas section 341 prohibits the institution of an action against the village within thirty days subsequent to the filing of a claim. The initial restriction as imposed by the provisions of section 341, in the opinion of the court, limits the examination as provided for in section 341-c to that period of time during which the claimant is precluded from instituting an action to recover for damages, namely, thirty days subsequent to the filing of the. claim. After the expiration of thirty days and the institution of an action, the claim loses its identity as such and becomes an action at law. Such action having been instituted, the provisions of the Civil Practice Act with respect to examinations before trial are controlling.

It follows, therefore, that it shall be the duty of the mayor to cause all claims to be thoroughly investigated within thirty days subsequent to the filing of a claim against the village and upon the basis of that investigation to decide whether or not the village will accept the claim and settle the claim, or reject the claim. Such claim having been rejected and an action instituted, the provisions of section 341-c no longer apply and the provisions of the Civil Practice Act with respect to an examination before trial apply, and such examination must necessarily be made pursuant to the provisions of the Civil Practice Act.

Accordingly, the application for an order vacating the subpœna dated December 20, 1939, served upon the plaintiff pursuant to section 341-c of the Village Law, is granted and the subpœna vacated.

Submit order and settle on notice.